UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| SAMANTHA J. FOULKE, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. 1:18-cv-00134-GZS |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTION TO DISMISS

Defendant Nancy A. Berryhill, the acting commissioner of Social Security, moves to dismiss the complaint of *pro se* plaintiff Samantha J. Foulke for lack of subject matter jurisdiction. *See* Defendant's Motion to Dismiss ("Motion") (ECF No. 11). I agree that, because Foulke challenges a denial of a request for a rehearing, which is not a "final determination" pursuant to 42 U.S.C. § 405(g), the court lacks subject matter jurisdiction to review that denial. Accordingly, I recommend that the court grant the motion.

### I. Factual Background

By decision dated April 17, 1998, Foulke was awarded disability benefits with a protective filing date of August 19, 1992. *See* Exh. 1 (ECF No. 11-5) to Declaration of Janay Podraza . . . ("Podraza Decl.") (ECF No. 11-4), attached to Motion, at [1], [5]. She contends, for the second time in this court, that her disability benefits should have been awarded with a protective filing date of May 31, 1988. *See* Complaint ¶¶ 4-5. As Magistrate Judge Kravchuk recounted the history of this case in a recommended decision dated April 29, 2011:

> According to the records of the Social Security Administration, Foulke first applied for benefits on August 19, 1992, but failed to pursue that application, resulting in

1

administrative closure on February 19, 1993. Foulke then filed applications for benefits on April 7, 1993, and succeeded in obtaining a finding that she was disabled as of May 31, 1988. Four years later, on May 5, 1997, Foulke filed a request for a hearing. She alleged that the August 1992 application should serve as her protective filing date. She also alleged having had an application filed on her behalf sometime in 1988, but provided no evidence of such filing. On April 17, 1998, an administrative law judge ["ALJ"] issued a fully favorable decision finding that Plaintiff's protective filing date actually was August 19, 1992. This decision clearly informed Foulke that she had the right to file an appeal with the Appeals Council if she disagreed with it for any reason. It explained that such an appeal must be filed within 60 days of the date of the decision.

More than ten years after the April 1998 fully favorable decision, Foulke filed a request for a hearing concerning her alleged application filing in 1988. On June 19, 2009, Administrative Law Judge Stephen Ponticiello determined that this request for hearing was actually a request to extend the time period for requesting review on the prior 1998 decision. Judge Ponticiello dismissed Plaintiff's request for hearing as an untimely request for extension of time. On November 23, 2010, the Appeals Council denied Plaintiff's request for review of Judge Ponticiello's dismissal. On February 1, 2011, Foulke filed this case.

*Foulke v. Soc. Sec. Admin. Comm'r*, No. 1:11-cv-00040-GZS, 2011 WL 1656437, at *1 (D. Me. Apr. 29, 2011) (rec. dec., *aff'd* May 6, 2011), *aff'd*, No. 11-1608 (1st Cir. Nov. 30, 2011) (citations omitted).

Magistrate Judge Kravchuk recommended that the court grant the commissioner's motion to dismiss the action for lack of subject matter jurisdiction, and Judge Singal adopted her recommendation. *See id*. Foulke appealed, and the First Circuit affirmed the decision. *See id*. The Supreme Court denied Foulke's petition for writ of certiorari, *see Foulke v. Astrue*, 568 U.S. 842 (2012), and subsequent petition for rehearing, *see Foulke v. Astrue*, 568 U.S. 1063 (2012). Foulke filed a second petition for rehearing by the Supreme Court, in response to which she was informed by letter dated January 28, 2014, that the case was closed. *See* Exh. 4 (ECF No. 11-8) to Podraza Decl.

Less than a month later, Foulke renewed her request for a hearing before an ALJ, again challenging the April 17, 1998, decision. *See* Exh. 5 (ECF No. 11-9) to Podraza Decl. at [7]. On

2

August 27, 2015, the ALJ dismissed her request. *See id.* at [9]. Foulke appealed the dismissal to the Appeals Council, which issued a decision dated August 2, 2016, denying her request for review. *See* Exh. 6 (ECF No. 11-10) to Podraza Decl. Foulke then filed what the Appeals Council construed as "an implied request that we reopen and change the decision." Exh. 7 (ECF No. 11-11) to Podraza Decl. at [1]. On October 7, 2016, the Appeals Council denied that request. *See id.* Foulke sought an extension of time to file a civil action challenging the commissioner's decision, which the Appeals Council denied on February 3, 2017, informing Foulke that she had "no right to seek court review for a case in which the [ALJ] has dismissed your request for hearing." Exh. 8 (ECF No. 11-12) to Podraza Decl. at [1]. Foulke filed this action on March 27, 2018. *See* Complaint.

## II. Discussion

The commissioner argues, as she did before this court in 2011, that the denial of Foulke's request for rehearing is not a "'final decision of the Commissioner' for purposes of 42 U.S.C. § 405(g)[,]" and, thus, this court lacks subject matter jurisdiction to review that denial. Motion at 4. She is again correct.

Section 405(g) limits this court's jurisdiction to "any final decision of the Commissioner of Social Security made after a hearing to which [plaintiff] was a party . . . ." 42 U.S.C. § 405(g). "Absent a colorable constitutional claim . . ., a district court does not have jurisdiction to review the [commissioner's] discretionary decision not to reopen an earlier adjudication." *Torres v. Sec'y of Health & Human Servs.*, 845 F.2d 1136, 1138 (1st Cir. 1988); *see also, e.g.*, *Sargent v. Astrue*, No. 06-122-P-C, 2007 WL 892568, at *1 (D. Me. March 21, 2007) (rec. dec., *aff'd* May 1, 2007) (dismissing, for want of subject matter jurisdiction, claimant's appeal of ALJ's decision not to reopen earlier application for benefits).

3

The Supreme Court has explained that "the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the [commissioner's] regulations and not by the Social Security Act." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). "[A]n interpretation that would allow a claimant judicial review simply by filing – and being denied – a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g) [42 U.S.C. § 405(g)], to impose a 60-day limitation upon judicial review of the [commissioner's] final decision on the initial claim for benefits." *Id*. "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims[,]" and this court's "duty, of course, is to respect that choice." *Id*.

I recommend that the court do so here. Foulke raises no colorable claim of a constitutional violation. *See generally* Complaint; Opposition to Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 17); Declaration (ECF No. 18). This court, accordingly, lacks jurisdiction to review the commissioner's most recent denial of Foulke's request for a rehearing regarding the protective filing date determined in 1998.

### III. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the motion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum,*

*within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 27th day of September, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge